BENJAMIN A. MERRILL, APPELLANT, v. ENSIGN L. CALKINS AND ANOTHER, RESPONDENTS.

*Easement — right to use water from spring on another's land.*

APPEAL from a judgment in favor of the defendants, entered on the report of a referee.

The action was brought to recover damages for tearing down and removing part of a dam erected by the plaintiff, and for an injunction.

The plaintiff owns a village lot on the east side of Furnace street, in Wolcott, nearly opposite a spring of water on premises situated on the west side of the street, belonging to the wife of the defendant

Calkins. On and prior to May 12, 1821, Jonathan Melvin owned a large tract of land, including both parcels above mentioned. On that day he deeded to William Clark the lot now owned by the plaintiff, described by metes and bounds, "and also the privilege of raising the water at the spring above-mentioned, and conveying the same in such a direction as may be most convenient to the premises conveyed by said deed, in such quantities as shall be necessary to supply a tannery which shall be hereafter erected on the premises above described, and for such other uses on said premises as may be necessary, nevertheless reserving to the said Melvin water forever necessary for the uses of said Melvin's farm."

The plaintiff derives title from Clark. Mrs. Calkins claims through a deed executed by Melvin subsequently to his deed to Clark. The spring in question is about twenty-five feet west of the highway, and issues out of a bank forming the westerly boundary of a basin about two rods wide, extending from a point twelve or fifteen rods south of the spring to the highway. South of said spring are other springs in said basin, the waters of which flow in a north-easterly course, and after uniting with the water from the spring in question, discharge in a natural channel under the highway and across the north-west corner of the plaintiff's premises. There never was a tannery on the plaintiff's lot, and the waters of the spring were never raised or conducted to his premises, except by their natural channel. In the summer of 1876, the plaintiff built a dam about thirty inches in hight, across the basin at the west line of the highway, and below the point where the waters from the spring in question run into the stream from the springs above, and thereby obstructed and raised the water from all the springs and overflowed the spring in question, and about five or six square rods of Mrs. Calkins land. The spring was thereby filled with mud and sediment, and its water was rendered unfit for domestic use, but continued fit for watering animals.

The referee decided that the complaint should be dismissed with costs.

The court at General Term said: "The right of the plaintiff to use the water flowing from the spring on Mrs. Calkins' land, subject to the reservation contained in the deed from Melvin to Clark, is undoubted. His right to such use does not depend on the erection

of a tannery upon his lot, nor is it limited to the use of the water for the purposes of a tannery. He may use the water for any purpose on his own premises, provided he uses no more than is given by the grant (*Cromwell* v. *Selden*, 3 N. Y., 253; *Wakely* v. *Davidson*, 26 id., 387; *Comstock* v. *Johnson*, 46 id., 615), and his right being created by deed, is not lost by non-user.

The deed gives him the right to raise the water and convey it in the most convenient direction to his premises. But by the terms of the grant, he can only raise the water *at the spring*. If he raises it by means of a dam, he has no right to obstruct the flow of the water of the other springs, or to overflow the lands of Mrs. Calkins any further than is necessary to the enjoyment of the right given by the deed.

He may undoubtedly erect a dam at the spring for the purpose of raising the water, and he may carry the water from that point to his premises. Consequently, he has also the right to enter upon the land adjacent to the spring for the purpose of constructing and keeping in repair a dam and pipes, or other suitable means for raising and conveying the water, doing no unnecessary damage. It is a maxim of the law, that the grant of a thing carries with it, that without which the grant would be of no effect. (Angell on Water-courses, § 158, and cases there cited; *Oakley* v. *Stanley*, 5 Wend., 523.)"

*Wm. Roe*, for the appellant. *Anson S. Wood*, for the respondent.

Opinion by SMITH, J.; MULLIN, P. J., and TALCOTT J. concurred.

Judgment affirmed, with costs.